IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NANCY SANTILLI, )<br>)<br>Movant, )<br>)<br>v. )<br>)<br>CLASSEN IMMUNOTHERAPIES, INC., )<br>)<br>Respondent. ) | Misc. Action No. _____<br><br>(Case No. 1:04cv03521(WDQ),<br>currently pending in the United States<br>District Court for the District of<br>Maryland, Baltimore Division) |

**MOTION FOR PROTECTIVE ORDER QUASHING CLASSEN
IMMUNOTHERAPIES, INC.'S SUBPOENA DIRECTED TO NANCY SANTILLI**

Pursuant to Fed. R. Civ. P. 26(c) and 45(c), Nancy Santilli hereby respectfully moves for a protective order quashing the subpoena purportedly issued by Classen Immunotherapies, Inc. ("Classen") on October 13, 2005 (*see* Ex. 1), on the grounds that it subjects Ms. Santilli to an undue burden. Elan Pharmaceuticals, Inc. ("Elan") and Ms. Santilli have concurrently filed a joint motion for a protective order, pursuant to Fed. R. Civ. P. 26(c), in the United States District Court for the District of Maryland, in which the underlying case of *Classen Immunotherapies Inc. v. King Pharmaceuticals, Inc.*, No. 1:04cv03521-WDQ (D. Md.) is pending (*see* supporting memorandum in the Maryland action, which is attached hereto as Ex. 2 and the contents of which are incorporated herein by reference in support of the instant Delaware motion). Ms. Santilli respectfully requests that this Court defer ruling on the present motion for a protective order quashing Classen's subpoena, pending the District of Maryland's decision on Elan's and Ms. Santilli's joint motion for a protective order. Immediately upon entry of the District of Maryland's ruling on the joint motion for a protective order, Ms. Santilli shall file that ruling with this Court. At that time, Ms. Santilli will respectfully request that this Court issue a ruling

on the present motion consistent with the ruling issued by the District of Maryland. *See In re Sealed Case No. 98-5062*, 141 F.3d 337, 342 (D.C. Cir. 1998); *In re Orthopedic Bone Screw Prods. Liab. Litig.*, 79 F.3d 46, 48 (7th Cir. 1996).

WHEREFORE, Ms. Santilli respectfully requests that this Court defer to the decision by the United States District Court for the District of Maryland, Baltimore Division, in which the underlying case is pending, or alternatively, grant this motion and enter the attached form of order.

ASHBY & GEDDES

*/s/ Steven J. Balick*

Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, DE 19899
(tel) (302) 654-1888
(fax) (302) 654-2067
sbalick@ashby-geddes.com
jday@ashby-geddes.com

*Attorneys for Movant, Nancy Santilli*

*Of Counsel:*

James B. Monroe
Geoffrey C. Mason
Paul W. Browning
Antigone G. Kriss
Kakoli Caprihan
Justin J. Hasford
FINNEGAN, HENDERSON, FARABOW,
   GARRETT & DUNNER, L.L.P.
901 New York Ave., N.W.
Washington, D.C. 20001
(tel) (202) 408-4000
(fax) (202) 408-4400
james.monroe@finnegan.com
geoff.mason@finnegan.com
paul.browning@finnegan.com
antigone.kriss@finnegan.com
kakoli.caprihan@finnegan.com
justin.hasford@finnegan.com

Dated: October 24, 2005
162718.1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NANCY SANTILLI,<br><br>           Movant,<br><br>  v.<br><br>CLASSEN IMMUNOTHERAPIES, INC.,<br><br>           Respondent. | )<br>)  Misc. Action No. _____<br>)<br>)<br>)  (Case No. 1:04cv03521(WDQ),<br>)  currently pending in the United States<br>)  District Court for the District of<br>)  Maryland, Baltimore Division)<br>)<br>) |

**PROTECTIVE ORDER QUASHING CLASSEN IMMUNOTHERAPIES, INC's
SUBPOENA DIRECTED TO NANCY SANTILLI**

This _____ day of _____, 2005, the Court having considered the Motion for Protective Order Quashing Classen Immunotherapies, Inc's Subpoena Directed to Nancy Santilli, and the Court having concluded that good grounds exist for the requested relief, now therefore,

IT IS HEREBY ORDERED that:

1. The motion for protective order is GRANTED.

2. Plaintiff Classen Immunotherapies, Inc. shall not take the deposition of Nancy Santilli in the matter of *Classen Immunotherapies Inc. v. King Pharmaceuticals, Inc.*, No. 1:04cv03521-WDQ (D. Md.).

_____
United States District Judge

# EXHIBIT 1

AO88 (Delaware Rev. 7/00) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

## DISTRICT OF DELAWARE

CLASSEN IMMUNOTHERAPIES, INC.

V.

KING PHARMACEUTICALS, INC.
and
ELAN PHARMACEUTICALS, INC.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]

1:04-CV-03521-WDQ
USDC Maryland

TO: NANCY SANTILLI
c/o Endo Pharmaceuticals,
100 Endo Boulevard, Chadds Ford, PA 19317

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
|  |  |
|  | DATE AND TIME |
|  |  |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case. (Notice of Deposition also attached)

| PLACE OF DEPOSITION  Young Conway Stargatt & Taylor, LLP 1000 West Street, 17th Floor, Wilmington, DE 19801 | DATE AND TIME October 31, 2005 |
| --- | --- |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
| --- | --- |
|  |  |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)  *[signature]* Joseph J. Zito, Attorney for Plaintiff | DATE 10-13-05 |
| --- | --- |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Joseph J. Zito, ZITO tlp, 26005 Ridge Road, Suite 203, Damascus, Maryland 20872  301-601-5010

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|

SERVED

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____      _____
                          DATE                                         SIGNATURE OF SERVER

                                                                       _____
                                                                       ADDRESS OF SERVER

**Rule 45, Federal Rules of Civil Procedure, Parts C & D:**

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| CLASSEN IMMUNOTHERAPIES, INC. ) | |
| ) | |
| Plaintiff ) | Civil Action No. |
| v. ) | |
| ) | |
| KING PHARMACEUTICALS ) | 04 CV 03521 |
| and ) | WDQ |
| ELAN PHARMACEUTICALS ) | |
| ) | |
| Defendants ) | |

PLAINTIFF'S NOTICE OF DEPOSITION OF NANCY SANTILLI

Please take notice that, pursuant to Rule 30 of the Federal Rules of Civil Procedure, Plaintiff will take the deposition of Nancy Santilli at the offices of Young Conway Stargatt & Taylor, LLP 1000 West Street, 17th Floor, Wilmington, Delaware 19801 or at such other agreed location, during the week of October 31st, 2005 beginning at 10:00am and continuing day-to-day until completed. The deposition will be taken upon oral examination before an officer appointed or designated under Rule 28 of the Federal Rules of Civil Procedure and shall be recorded by stenographic means and may be recorded by audio and/or video.

The deposition will cover one or more of the below listed topics:

1) Each and every allegation of the Complaint filed in the above captioned action.

2) Each and every allegation of the Answer, Affirmative Defenses and Counterclaims filed in the above captioned action.

3) The discovery responses filed by Elan and/or King.

4) The documents provided by Elan and/or King.

5) United States Patent 6,219,674, United States Patent 6,584,472; United States Patent 6,407,128; United States Patent 6,455,557; and United States Patent 6,683,102.

6) Development; testing; marketing; market studies; post market evaluations; literature; package inserts; FDA studies, submissions and approvals; offers for sale; manufacture; packaging; distribution; sales; advertising; display; promotion and the like associated with the product Skelaxin.

Respectfully Submitted;

Joseph J. Zito (Bar No. 05640)
ZITO tlp
26005 Ridge Road, Suite 203
Damascus, Maryland 20872
(301) 601-5010
joe@zitotlp.com
Attorneys for Plaintiff
Classen Immunotherapies, Inc.

# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(BALTIMORE DIVISION)

| | |
|---|---|
| CLASSEN IMMUNOTHERAPIES, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> KING PHARMACEUTICALS, INC., *et al.*, ) <br> ) <br> Defendants. ) | CIVIL ACTION NO.: 1:04cv03521 <br> (WDQ) |

**MEMORANDUM IN SUPPORT OF MOTION FOR PROTECTIVE ORDER PROHIBITING TAKING OF DEPOSITIONS OF THIRD PARTIES NANCY SANTILLI, CARA PELLEGRINI, MICHAEL SCAIFE, JAYMIN SHAH, STEVE CARTT, AND ROSANNE GOODMAN**

Geoffrey C. Mason (Bar # 15772)
FINNEGAN, HENDERSON, FARABOW,
 GARRETT & DUNNER, L.L.P.
901 New York Ave., N.W.
Washington, D.C. 20001
(tel) (202) 408-4000
(fax) (202) 408-4400
geoff.mason@finnegan.com

James B. Monroe
Paul W. Browning
Antigone G. Kriss
Kakoli Caprihan
Justin J. Hasford
FINNEGAN, HENDERSON, FARABOW,
 GARRETT & DUNNER, L.L.P.
901 New York Ave., N.W.
Washington, D.C. 20001
(tel) (202) 408-4000
(fax) (202) 408-4400
james.monroe@finnegan.com
paul.browning@finnegan.com
antigone.kriss@finnegan.com
kakoli.caprihan@finnegan.com
justin.hasford@finnegan.com

Dated: October 24, 2005

Attorneys for Defendant Elan Pharmaceuticals, Inc.
 and Third Parties Nancy Santilli, Cara Pellegrini,
 Michael Scaife, Jaymin Shah, and Steve Cartt

Defendant Elan Pharmaceuticals, Inc. ("Elan") and Third Parties Nancy Santilli, Cara Pellegrini, Michael Scaife, Jaymin Shah, and Steve Cartt jointly request that the Court enter a protective order, pursuant to Fed. R. Civ. P. 26(c), prohibiting Plaintiff Classen Immunotherapies, Inc. ("Classen") from taking unduly burdensome and improper depositions of these third-party former Elan employees, pursuant to subpoenas that counsel for Classen purported to serve. Elan further requests that the Court prohibit Classen from taking the unduly burdensome deposition of former Elan employee Rosanne Goodman, also pursuant to a subpoena that Classen's counsel improperly purported to serve. Counsel for Classen has previously indicated to Elan that it insists on moving forward with the present depositions.

I.    **Introduction and Background**

On October 13, 2005, counsel for Classen purported to issue subpoenas directed to five former Elan employees—Nancy Santilli, Cara Pellegrini, Michael Scaife, Jaymin Shah, and Steve Cartt—ordering each of them to appear on October 31, 2005, and testify at depositions in the present case. (*See, e.g.*, Ex. 1.) At least two of these former Elan employees, Mr. Scaife and Mr. Cartt, did not receive personal service of Classen's subpoenas. Counsel for Classen also indicated that "[w]e located and served Ms. Rosanne Goodman[.] She is tentatively set for November 1 in Michigan." (Letter from Joseph J. Zito to James B. Monroe of 10/19/05; Ex. 2.) Classen's counsel, however, has not provided Elan a copy of any subpoena directed to Ms. Goodman, despite Elan's immediate request for a copy. (*See* Letter from Paul W. Browning to Joseph J. Zito of 10/19/05; Ex. 3.) Moreover, counsel for Classen has repeatedly violated Rule 4.2 of the Maryland Lawyers' Rules of Professional Conduct by inappropriately telephoning several of these former Elan employees, in an apparent effort to intimidate them into acquiescing to move forward with depositions, as detailed in Elan's concurrently-filed Motion for Sanctions. In spite of the fact that none of these six third parties presently has any association with

2

any party to this case, Classen seeks unduly burdensome deposition testimony from each of these witness on the same broad topics:

(1) Each and every allegation of the Complaint filed in the above captioned action;

(2) Each and every allegation of the Answer, Affirmative Defenses, and Counterclaims filed in the above captioned action;

(3) The discovery responses filed by Elan and/or King;

(4) The documents provided by Elan and/or King;

(5) United States Patent 6,219,674; United States Patent 6,584,472; United States Patent 6,407,128; United States Patent 6,455,557; and United States Patent 6,683,102; and

(6) Development, testing, marketing, market studies, post marketing evaluations, literature, package inserts, FDA studies, submissions and approvals, offers for sale, manufacture, packaging, distribution, sales, advertising, display, promotion and the like associated with the product Skelaxin®.

(*See, e.g.*, Ex. 1 at 3-4.) These broad, generic requests demonstrate that these third-party depositions sought by Classen amount to "nothing more than a fishing expedition." *In re Carnegie Int'l Corp. Secs. Litig.*, 107 F. Supp. 2d 676, 681 (D. Md. 2000).

The Court should not allow Classen to proceed with this burdensome third-party discovery under the present circumstances. As discussed in Elan's recent Motion to Stay, the United States Patent Office ("PTO") has recently ordered reexamination of all claims of the patents-in-suit. These Orders granting reexamination rely on prior art submitted by Elan, which the PTO agreed raised a "substantial new question of patentability." With the PTO reexamining all claims of the patents-in-suit, there is a distinct likelihood that none of Classen's patent claims will survive reexamination. Accordingly, the patent-related issues Classen seeks to pursue through the third-party depositions may very well become moot. Moreover, the PTO's issuance of its reexamination Orders already has established that Classen previously misrepresented to the PTO the prior art now being considered by the PTO. And this fact

3

alone establishes that Classen's patents were procured through inequitable conduct and are thus unenforceable. For these reasons, Elan previously moved to stay this case during the PTO's reexamination proceedings. This same reasoning applies to the present motion for a Protective Order prohibiting the burdensome third-party discovery sought by Classen.

Mss. Santilli and Pellegrini and Messrs. Scaife, Shah, and Cartt all have also filed, pursuant to Fed. R. Civ. P. 45(c), Motions to Quash Classen's subpoenas in the United States District Courts from which the respective subpoenas issued. In each of these Motions to Quash, the third-party ex-Elan employee has requested the District Court from which Classen's subpoena issued to defer ruling on the Motion to Quash pending this Court's decision on the present Motion for a Protective Order. Because the underlying case is pending in this Court, this Court has the power, pursuant to Fed. R. Civ. P. 26(c), to grant the same relief from Classen's subpoenas as the former Elan employees have requested in their concurrently-filed Motions to Quash.[1] *See United States v. Star Scientific, Inc.*, 205 F. Supp. 2d 482, 485 (D. Md. 2002) ("[A] discovery rule expressly referenced in the Advisory Committee Notes to Rule 45 [sic, 26(c)] recognizes the importance of a court where an action is pending deciding questions relating to the scope of discovery being conducted elsewhere."); *see also Static Control Components, Inc. v. Darkprint Imaging, Inc.*, 201 F.R.D. 431, 434 (M.D.N.C. 2001). Thus, for the reasons that follow, the Court should grant the present Motion for a Protective Order and prohibiting Classen from taking third-party depositions of the former Elan employees whom counsel for Classen has improperly purported to subpoena.

---

[1] Immediately upon entry of this Court's ruling on the present Motion, the former Elan employees shall file copies of that ruling with the District Courts from which their subpoenas issued. The former Elan employees then will respectfully request that these District Courts issue rulings on their Motions to Quash consistent with the ruling of this Court on the present Motion for a Protective Order. *See, e.g., In re Sealed Case No. 98-5062*, 141 F.3d 337, 342 (D.C. Cir. 1998); *In re Orthopedic Bone Screw Prods. Liab. Litig.*, 79 F.3d 46, 48 (7th Cir. 1996).

II. **Argument**

   A. **Classen's Subpoenas Purportedly Directed to Third-Party Former Elan Employees Are Unduly Burdensome**

Because the PTO has granted Elan's requests for reexamination of both patents in suit, and because Elan presently has pending before the Court a motion to stay this case during the PTO's reexamination proceedings, Classen's subpoenas purportedly directed to former Elan employees are unduly burdensome. The PTO's reexamination proceedings will profoundly affect the present litigation by mooting all of the patent-related issues presently before this Court, including issues Classen seeks to raise in third-party depositions. (*See, e.g.*, Ex. 1 at 3-4.) Moreover, Classen's proposed deposition topics broadly seek the same general discovery from these third parties, indicating that these depositions are nothing more than a "fishing expedition," which is completely unjustified under the present circumstances. Consequently, as discussed in detail in Elan's pending stay motion, moving forward with this case while the PTO conducts its review of the patents-in-suit will waste the time and resources of the Court, the parties, and the third parties Classen seeks to depose in this litigation.

Tellingly, at the time Elan filed its motion to stay, Classen had not scheduled any depositions in this case or purported to issue any subpoenas to third parties. Shortly after Elan filed its stay motion, however, Classen sought to move forward with extensive and costly discovery, despite Classen's prior inaction. Classen now seeks to depose a number of former Elan employees, all of whom are located in distant geographic locations and have no present association with any party to this litigation. Under these circumstances, the Court should not allow Classen to conduct such "extensive and expensive discovery ... which might be made wholly unnecessary by a later finding of the insufficiency of the complaint in chief" based on the outcome of the PTO's reexamination proceedings. *Carnegie*, 107 F.

Supp. 2d at 681 (granting motion for protective order quashing subpoena of third party when litigation was stayed).[2]

### B. Classen's Subpoenas Purportedly Directed to Mr. Scaife, Mr. Cartt, and Ms. Goodman Were Improperly Served

Additionally, because Classen failed to personally serve subpoenas on the Mr. Scaife and Mr. Cartt, Classen has failed to comply with the service requirement of Fed. R. Civ. P. 45. This Court previously has acknowledged that such delivery is necessary. *Benford v. American Broadcasting Cos.*, 98 F.R.D. 40, 41 n.5 (D. Md. 1983), *rev'd on other grounds, In re Guthrie*, 733 F.2d 634 (4th Cir. 1984); *see also Hall v. Sullivan*, 229 F.R.D. 501, 506 n.6 (D. Md. 2005) ("In cases involving subpoenas commanding an individual to appear to testify, a legitimate argument may be made that personal service is required as the burden is greater and a failure to comply may expose the subpoenaed person to contempt sanctions....").

Furthermore, Classen's counsel claims to have issued a subpoena directed to Ms. Goodman, yet has refused to respond to Elan's request for a copy of this subpoena. (*See* Exs. 2-3.) Such gamesmanship is plainly improper and clearly violates Rules 45 and 5 of the Federal Rules of Civil Procedure. This conduct is also improper in that it appears Classen is attempting to prevent counsel for Elan from contacting Ms. Goodman in order to prevent this former Elan employee from requesting the assistance of Elan's counsel. As this Court has noted, "when an attorney misuses his or her power under Rule 45 to command a non-litigant to [testify at deposition] in a lawsuit to which he or she is a stranger

---

[2] Although *Carnegie* involved a statutory litigation stay during the pendency of a motion to dismiss, pursuant to the Private Securities Litigation Reform Act, 107 F. Supp. 2d at 679, the Court's analysis in *Carnegie* applies to the present case. Indeed, the PTO's reexamination of Classen's patents-in-suit likely will significantly narrow the issues in this litigation, possibly eliminating the patent issues in their entirety, thus rendering the "extensive and expensive" third-party discovery sought by Classen "wholly unnecessary." *Id.* at 681.

by failing to give appropriate notice to the parties, public confidence in the integrity of the court processes is eroded." *Potomac Elec. Power Co. v. Electric Motor & Supply, Inc.*, 190 F.R.D. 372, 380 (D. Md. 1999).[3] This improper service of subpoenas directed to former Elan employees Mr. Scaife, Mr. Cartt, and Ms. Goodman thus provides a further reason why the Court should grant the present motion for a protective order.

### III. Conclusion

For the reasons stated above, Elan and Third Parties Nancy Santilli, Cara Pellegrini, Michael Scaife, Jaymin Shah, and Steve Cartt respectfully request that the Court grant the present Motion for a Protective Order prohibiting Classen from taking depositions of these third-party former Elan employees. Elan also respectfully requests that the Court prohibit Classen from taking the deposition of third-party ex-Elan employee Rosanne Goodman.

---

[3] While the Court in *Potomac Electric* enunciated this truism with respect to subpoenas *duces tecum*, it applies with equal, if not greater, force with respect to subpoenas *ad testificandum* because of the more significant burdens associated with the latter. *See Hall*, 229 F.R.D. at 506 n.6.

Dated: October 24, 2005                    Respectfully submitted,

                                                /s/ _____
                                                Geoffrey C. Mason (Bar # 15772)
James B. Monroe
Paul W. Browning
Antigone G. Kriss
Kakoli Caprihan
Justin J. Hasford
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, L.L.P.
901 New York Ave., N.W.
Washington, D.C. 20001
(tel) (202) 408-4000
(fax) (202) 408-4400
william.strauss@finnegan.com
james.monroe@finnegan.com
paul.browning@finnegan.com
antigone.kriss@finnegan.com
kakoli.caprihan@finnegan.com
justin.hasford@finnegan.com
Attorneys for Defendant Elan Pharmaceuticals, Inc.
   and Third Parties Nancy Santilli, Cara Pellegrini,
   Michael Scaife, Jaymin Shah, and Steve Cartt

CERTIFICATE OF SERVICE

I hereby certify that on the 24th day of October, 2005, the attached **MOTION FOR PROTECTIVE ORDER QUASHING CLASSEN IMMUNOTHERAPIES, INC.'S SUBPOENA DIRECTED TO NANCY SANTILLI** was served upon the below-named counsel of record at the address and in the manner indicated:

>Joseph J. Zito
>ZITO tlp
>26005 Ridge Road, Suite 203
>Damascus, Maryland 20872
>(301) 601-5010
>
>Gregory A. Castanias
>JONES DAY
>51 Louisiana Avenue, N.W.
>Washington, DC 20001-2213
>(202) 879-3939
>
>F. Dominic Cerrito
>JONES DAY
>222 East 41st Street
>New York, New York 10017
>(212) 326-3939

Steven J. Balick